**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| KOSS CORPORATION,<br><br>        Plaintiff,<br>v.<br><br>BOSE CORPORATION,<br><br>        Defendant. | Case No. 6:20-cv-00661-ADA |

## DEFENDANT'S OPPOSED MOTION TO DISMISS FOR IMPROPER VENUE, OR PREFERABLY TO TRANSFER TO THE DISTRICT OF MASSACHUSETTS

Because venue in this District is improper under 28 U.S.C. § 1400(b), Defendant Bose Corporation ("Bose") respectfully moves the Court to dismiss, or preferably to transfer this action to the District of Massachusetts under 28 U.S.C. § 1406(a).

Plaintiff Koss Corporation ("Koss") asserts venue based on an alleged Bose Factory Store in San Marcos, Texas.  D.I. 1 ¶ 10.  However, that store closed on February 29, 2020—almost five months before Koss filed its complaint.  Since then, Bose has had no place of business, let alone a "regular and established place of business," in this District—and Bose has voluntarily provided venue discovery to Koss to verify this.  The case should be dismissed, or preferably transferred to the District of Massachusetts, where Bose is headquartered and the relevant witnesses and evidence are located, and where Bose has filed a declaratory judgment action.

## I.    FACTUAL BACKGROUND

Bose, founded in 1964 by Dr. Amar G. Bose and based in Framingham, Massachusetts, is a global leader in the research and development, manufacture and sale of high performance audio

products such as home audio systems, speakers, noise canceling and sports headphones, aviation and military headphones, and other products.  Manzolini Decl., ¶ 2.

Bose previously operated retail locations.  On January 15, 2020, Bose announced its decision to close all its retail locations in North America, Europe, Japan and Australia.  *Id.*, ¶ 5; *see also* https://bit.ly/3maD1AX.  As part of this process, the San Marcos, Texas store referred to in Paragraph 10 of Plaintiff's complaint closed on February 29, 2020.  *Id.*, ¶ 6.

Bose has no other place of business in—and, indeed, little contact of any sort with—the Western District of Texas.  Bose's only connections to this District are its routine relationships with retailers that sell Bose products across the country and a few work-from-home employees. As discussed below, it is settled law that neither selling products to retailers that operate in a district, nor allowing employees to work from home in a district, create a "regular and established place of business" in the district for purposes of the patent venue statute.

## II.   LEGAL STANDARDS

Because 28 U.S.C. § 1400(b) "is unique to patent law," it is governed by Federal Circuit law rather than the law of the regional circuit.  *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Under Federal Circuit law, the plaintiff bears the burden of establishing that venue is proper. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).  Venue is evaluated based on the complaint <u>and</u> evidence submitted by the party that moves to dismiss for improper venue. *Broadway Nat'l Bank v. Plano Encryption Techs.*, 173 F. Supp. 3d 469, 473 (W.D. Tex. 2016) ("[I]n deciding whether venue is proper, 'the court is permitted to look at evidence beyond simply those facts alleged in the complaint and its proper attachments.'").

In a patent infringement case, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  For purposes of this statute, a corporation

only "resides" in its state of incorporation.  *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017).

The "regular and established place of business" prong of § 1400(b) is narrow.  As the Federal Circuit has explained based on Supreme Court precedent, the adoption of this language was "a restrictive measure, limiting a prior, broader venue."  *In re Cray*, 871 F.3d at 1360 (quoting *Stonite Products Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 566 (1942)).  The Federal Circuit cautions district courts to "be mindful of this history in applying the statute and be careful not to conflate the showings that may be sufficient for other purposes, *e.g.*, personal jurisdiction or the general venue statute, with the necessary showing to establish proper venue in patent cases."  *In re Cray*, 871 F.3d at 1361.

Per *In re Cray*, the "regular and established place of business" prong of § 1400(b) has three requirements: "(1) there must be a <u>physical place</u> in the district; (2) it must be a <u>regular and established place of business</u>; and (3) it must be the <u>place of the defendant</u>."  *Id.* at 1360.[1] For venue to be proper, all three of the requirements must be satisfied.  *E.g.*, *In re Google*, 949 F.3d 1338, 1344-47 (Fed. Cir. 2020) (finding that rented rack space was a "place" per the first *Cray* requirement, but not a "place of business," let alone a place of business that qualified as being "regular and established," per the second *Cray* requirement).

The second *Cray* requirement in turn has three parts: the "place" must be a "place of business," and it must be both "regular" and "established."  *In re Cray*, 871 F.3d at 1362 ("All of these requirements must be present.").  To be a "place of business" "generally requires an employee or agent of the defendant to be conducting business at that place."  *In re Google*, 949 F.3d at 1344.  The "regular" and "established" language requires that the business activity at

---

[1] In this brief, emphasis is added unless otherwise noted.

the "place" must be of "sufficient permanence" and cannot be merely "sporadic." *In re Cray*, 871 F.3d at 1362-63.

Finally, the third requirement ("place of the defendant") mandates that "the defendant must establish or ratify the place of business." In other words, "it must be a place *of the defendant*, not solely a place of the defendant's employee." *Id.* at 1363 (emphasis original) (on mandamus, finding that the district court erred in concluding that work-from-home employees established venue).

The Federal Circuit has not yet decided whether venue is evaluated solely based on the facts that exist as of the date the complaint is filed. *In re Google*, 949 F.3d at 1340 n.1 ("The regional circuits appear to be split on the exact timing for determining venue. … We need not decide the correct standard [in this case]."). However, courts in this District and in the Eastern District of Texas have concluded that venue in patent cases should be determined based on the facts that existed as of the date the complaint is filed. *E.g.*, *Nat'l Steel Car Ltd. v. Greenbrier Cos., Inc.*, 2020 WL 4289388, *5 (W.D. Tex. July 27, 2020) (finding venue improper and declining to consider facts not in existence when complaint was filed because the relevant consideration is "the state of things at the time of the action brought"); *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 930 (E.D. Tex. 2017) ("This court concludes that venue is determined under § 1400(b) by the facts and situation as of the date suit is filed.").

Even courts that have taken an alternative approach have required that any suit be filed within a "reasonable time" after a defendant ceases its relevant business operations in the district. *Welch Sci. Co. v. Human Eng'g Inst., Inc.*, 416 F.2d 32, 35 (7th Cir. 1969) (complaint filed 37 days after defendant ceased its business in the district). As the Eastern District of Texas recently concluded, under this approach four months was not a "reasonable time." *Level Sleep LLC v.*

*Dormeo N. Am., LLC*, 2019 WL 458467, *3 (E.D. Tex. Feb. 1, 2019) (finding venue improper where complaint was filed four months after the defendant ceased operating in the district).

## III.  ARGUMENT

### A.  Venue is Improper in the Western District of Texas

As noted above, for venue to be proper in this District, Bose must either "reside" in the District or it must maintain a "regular and established place of business" here.  Both potential bases for venue are absent.

#### 1.  Bose Indisputably Does Not Reside in the Western District of Texas

Koss concedes in its complaint that Bose is incorporated in Delaware.  D.I. 1 ¶ 5; Manzolini Decl., ¶ 2.  Because Bose is incorporated in Delaware, it does not reside in the Western District of Texas.  *TC Heartland*, 137 S. Ct. at 1519; *In re Cray*, 871 F.3d at 1360 ("Because Cray is incorporated in the State of Washington, there is no dispute that the residency requirement of that statute cannot be met here.").  Therefore, venue in this District is not proper under the "where the defendant resides" prong of § 1400(b).

#### 2.  Bose Lacks a Regular and Established Place of Business in the Western District of Texas

As noted above, Bose also lacks any place of business—let alone a "regular and established place of business"—in the Western District of Texas.  The San Marcos store relied upon by Koss in its complaint closed almost five months before Koss filed its complaint.  Koss may have been confused because Bose's web site inadvertently was not updated promptly after the closing of that store, *see* Manzolini Decl., ¶ 11, but as a matter of law what matters is that the

store was closed.[2]   Further, as discussed below, Bose has no other relevant presence in this District that could support venue under § 1400(b).

> a.   **The Complaint Relies on a Store that Closed Almost Five Months Before Koss Filed Its Complaint**

Koss's complaint, filed on July 22, 2010, contains only one factual allegation regarding venue in the Western District of Texas: namely, that Bose had a Bose Factory Store located in San Marcos, Texas at 3939 IH-35 South, San Marcos, Texas 78666.  D.I. 1 ¶ 10.  At the time Koss filed the complaint, this allegation was untrue.  As established in the Declaration of Kevin Manzolini, Vice President of Bose's Consumer Electronics Division, the San Marcos store closed on February 29, 2020.  Manzolini Decl., ¶¶ 1, 6, 9.

Because Bose has provided competent evidence controverting Koss's sole venue-related allegation (regarding the San Marcos store), the Court should not accept that allegation as true. *Broadway*, 173 F. Supp. 3d at 473 ("[I]n deciding whether venue is proper, 'the court is permitted to look at evidence beyond simply those facts alleged in the complaint and its proper attachments.'"); *Galderma Labs., L.P. v. Teva Pharms. U.S., Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017) (finding venue improper: "Where the defendant submits affidavits or evidence controverting specific facts alleged in the complaint, the Court is no longer required to accept those controverted facts as true.").

Although the "Bose Factory Outlet Stores" page on Bose's web site inadvertently was not updated promptly after the San Marcos store closed on February 29, 2020, Manzolini Decl. ¶ 11, the listing of a non-existent store on a web site is legally irrelevant.  *In re Cray*, 871 F.3d at 1364

---

[2] Koss's complaint does not mention Bose's web site, but presumably Koss and/or its counsel identified the San Marcos store using the "Bose Factory Outlet Stores" page on Bose's web site since a visit to the location listed in Paragraph 10 of Koss's complaint would have established that the store no longer existed.  *Id.*, ¶ 10.

("[T]he mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant must actually engage in business from that location."); *Optic153 LLC v. Thorlabs Inc.*, 2020 WL 3403076, *2 (W.D. Tex. June 19, 2020) (granting motion to dismiss for improper venue where defendant's web site listed a "mailing address" of a related company in this District but the defendant was physically based in New Jersey); *Mantissa Corp. v. Gr. Am. Bancorp, Inc.*, 446 F. Supp. 3d 398, 404 (C.D. Ill. 2020) (granting motion to dismiss for improper venue where web sites suggesting that defendant had a facility in the relevant district were erroneous).

Because Bose had no place of business (let alone a regular and established place of business) in this District when Koss filed its complaint, venue is improper. *Nat'l Steel Car*, 2020 WL 4289388 at *5 (the relevant consideration is "the state of things at the time of the action brought"); *Personal Audio*, 280 F. Supp. 3d at 930 ("This court concludes that venue is determined under § 1400(b) by the facts and situation as of the date suit is filed.").

Even under the alternative approach outlined in *Welch*, a 51-year-old Seventh Circuit decision, venue requires that a complaint be filed within a "reasonable time" after a defendant ceases its relevant business operations in the district. In *Welch* itself, that delay was 37 days. 416 F.2d at 35. More recently, Judge Schroeder in the Eastern District of Texas concluded that four months was not a "reasonable time." *Level Sleep*, 2019 WL 458467 at *3. The delay in this case is even longer—almost five months. Moreover, the "reasonable time" approach of *Welch* is "driven by a desire to prevent defendants from avoiding suit in a given venue by retreating from the district after committing acts of infringement." *Uni-Systems, LLC. V. United States Tennis Ass'n Nat'l Tennis Center Inc.*, 2020 WL 1694490, *6 (E.D.N.Y. Apr. 7, 2020). Here, there plainly was no such attempt by Bose. To the contrary, the closing of the San Marcos store was

part of a general business decision, announced more than a month earlier, to close <u>all</u> of Bose's

retail locations in North America, Europe, Japan and Australia.  Manzolini Decl., ¶¶ 5-6.

Thus, whether the Court evaluates venue as of the date the complaint was filed (as this

Court did in *National Steel Car*) or under the *Welch* test, the San Marcos store—long closed by

the time Koss filed its complaint—provides no support for venue in this District.

> ### b. Koss Neither Alleges, Nor Does Bose Have, Any Other Relevant Presence in the Western District of Texas

Other than the San Marcos store, addressed above, Koss makes no other allegations

regarding venue.  However, in opposition to a motion to dismiss for improper venue filed

recently by another defendant (Skullcandy), Koss made certain allegations (without support

according to Skullcandy's reply brief) regarding the manner in which Skullcandy sold its goods

and the impact of work-from-home employees on the venue analysis.  6:20-cv-00664, D.I. 18.

In the interest of thoroughness, Bose will address those issues, and any other conceivable basis

for Koss to assert venue, below.

> ### i. Bose Has No Other Facilities in this District

Once it closed the San Marcos store on February 29, 2020, Bose had (and still today has)

no presence of any kind in the Western District of Texas.  Bose did not (and still does not) own,

lease or have any interest in any real property, nor did it (nor does it today) maintain any offices,

stores, factories or other facilities of any kind anywhere in the Western District of Texas.

Manzolini Decl., ¶¶ 12-13.

> ### ii. Bose Does Not Sell Products on Consignment

In its opposition to Skullcandy's motion to dismiss, Koss alleged (baselessly according to

Skullcandy's reply brief) that Skullcandy sells products on consignment, thus allegedly

transforming the shelves on which its products rest into a "store within a store," and the retailers'

employees into Skullcandy's agents.  6:20-cv-00664, D.I. 18 at 4-5.  Putting the consignment issue to rest for purposes of this case, Bose does not sell products on consignment.  Manzolini Decl., ¶ 14.

> c.   **Sale of Bose Products in Retail Stores Does Not Create a "Regular and Established Place of Business" for Bose in this District**

The third *Cray* requirement—that the "regular and established place of business" must be "of the defendant"—focuses on "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place." *In re Cray*, 871 F.3d at 1363.  Merely selling products through third-party brick-and-mortar retailers, as thousands of companies do in every district in the United States, is insufficient to establish venue because those third-party stores are not the "place" of the companies (like Bose) that manufacture the products sold in the stores.  While relationships with third-party retailers in a particular district might potentially be sufficient for personal jurisdiction in that district, the Federal Circuit cautions district courts to "be careful not to conflate the showings that may be sufficient for other purposes, *e.g.*, personal jurisdiction or the general venue statute, with the necessary showing to establish proper venue in patent cases." *Id.* at 1361.

Following *In re Cray*, district courts have repeatedly held that a manufacturer's sale of its products through third-party retailers, and ordinary activities related to such relationships such as identifying on a web site those retail stores as locations where the manufacturer's products can be purchased, or providing displays that the retailer can use for the products, are insufficient to make the retail store a place of business "of" the manufacturer.  *E.g.*, *AptusTech LLC v. Trimfoot Co., LLC*, 2020 WL 1190070, *3 (E.D. Tex. Mar. 12, 2020) (finding venue improper and transferring case to district where defendant was headquartered where defendant listed retail stores in the Eastern District of Texas on its web site); *Inhale, Inc. v. Gravitron, LLC*, 2019 WL

5880192, *4 (N.D. Cal. Sept. 5, 2018) (finding venue improper and transferring case to district where defendant was headquartered: "Numerous courts have held that selling defendant's products through an independent distributor is not sufficient to satisfy the patent venue statute."); *Vaxcel Int'l Co., Ltd. v. Minka Lighting, Inc.*, 2018 WL 6930772, *2 (N.D. Ill. July 11, 2018) (finding venue improper and transferring case to district where defendant was headquartered where defendant listed Home Depot stores in the Northern District of Illinois on its web site, subsidized and set up product displays at those Home Depot stores, and traveled to those Home Depot stores to train Home Depot's employees); *Reflection, LLC v. Spire Collective LLC*, 2018 WL 310184, *4 (S.D. Cal. Jan. 5, 2018) (granting motion to dismiss for improper venue despite defendant paying a monthly fee to Amazon to store its products at Amazon's fulfillment centers (FC's) in the district: "Since Spire has no control over its products once they are sent to Amazon FC's, these storage centers cannot be said to be the 'place of Defendant.'").

Like the defendants in the above-cited cases, Bose sells its products to brick-and-mortar retailers in this District (i.e., Nordstrom, Walmart, Target, Costco, Sam's Club, Best Buy, and Conn Appliance) without reserving any control over the products. Manzolini Decl., ¶¶ 15-16.

Bose employees do not conduct business at these chains' retail stores. The interactions between Bose and the retail chains occur at the national level with the retailers' respective headquarters, all of which are located outside of this District. *Id*.

While Bose often provides interactive displays for demonstration of Bose's products (e.g., a music source that customers can use to test headphones), Bose has no control over how or when store shelves are stocked with its products. *Id.*, ¶¶ 16-19. Indeed, Bose cannot even control whether the Bose displays are in fact used for its products; retailers sometimes elect to use the Bose displays for other things. *Id.*, ¶ 17. The Federal Circuit and district courts have

consistently held that, absent "control" over shelf space, shelves are not a "regular and established place of business," of the defendant.  *In re Google*, 949 F.3d at 1344 (rented racks not a place "of the defendant" because defendant's employees did not conduct business there); *Peerless Network, Inc. v. Blitz Telecom Consulting*, 2018 WL 1478047, *4 (S.D.N.Y. Mar. 26, 2018) (same); *AptusTech*,  2020 WL 1190070 at *3 (venue improper where manufacturer had "'very little' input about product placement or where or how to use displays that are provided"); *Vaxcel*, 2018 WL 6930772 at *2 (venue improper even though defendant "may set up, subsidize, or design product displays in Home Depot's stores"); *Reflection,* 2018 WL 310184 at *4 ("Since Spire has no control over its products once they are sent to Amazon FC's, these storage centers cannot be said to be the 'place of Defendant.'").

Bose employees also do not service the displays.  Typically, Bose contracts with a third-party vendor to set up the displays and to be available to service the displays if a retailer identifies a malfunction.  In some cases (such as Target), the retailer has its own third-party vendor perform such service.  Manzolini Decl., ¶ 18.  Installation and service of displays—whether conducted by a manufacturer or a third party—is legally insufficient to establish venue. *In re Google*, 949 F.3d at 1346 ("The installation activity does not constitute the conduct of a 'regular and established' business, since it is a one-time event for each server … [and ] maintenance activities cannot, standing alone, be considered the conduct of Google's business."); *Mantissa*, 446 F. Supp. 3d at 403-04 (maintaining ATM machines insufficient for venue).

Bose does pay a fee to Best Buy to secure endcap placement of its displays in Best Buy stores nationwide (not targeted specifically at this District)—but Bose has no control over how Best Buy conducts any of its in-store business.  The payment merely relates to placement of a Bose display unit at the end of an aisle rather than in another location.  Manzolini Decl., ¶ 20.

Mere payment of such a fee, absent significant control that is plainly absent here, is legally insufficient to establish venue.  *Reflections*, 2018 WL 310184, *4 (payment of monthly fee to Amazon for storage of products in Amazon fulfillment centers insufficient to establish venue).  Even if, contrary to fact, an endcap payment was considered "leasing" space, it would not establish venue because Bose employees conduct no business there.  *In re Google*, 949 F.3d at 1345-47 (venue improper where Google employees did no business at leased rack space).

In its opposition to Skullcandy's motion to dismiss, Koss cited only one decision—a report of a magistrate judge—that found venue via a manufacturer's activities in retail stores: *Tinnus Enterprises, LLC v. Telebrands Corp.*, 2018 WL 4560742 (E.D. Tex. Mar. 9, 2018).  In that case, though, the defendant was essentially operating a store-within-a-store, with extensive control over all aspects of the its "section" of the retail premises.  *Id.* at *5.  For example, Telebrands employed "third-party agents to monitor, restock, clean, and affix pricing stickers," controlled the placement of its products in its section of the store, monitored sales data, and employed agents to visit the store to see how products were placed.  *Id.* at *4.  Telebrands even admitted the section was "Telebrands' own space."  *Id.*  Bose, by contrast, does none of these things in the retail stores that sell its products.  Manzolini Decl., ¶¶ 16-20.  Venue is improper, and *Tinnus* is distinguishable here just as in prior cases like *AptusTech*.  2020 WL 1190070 at *4 ("Trimfoot's relationship with these stores differ greatly than the level of control that can be seen in *Tinnus*.").

> ### d.   Bose's Four Work-From-Home Employees Do Not Create a "Regular and Established Place of Business" for Bose in this District

The presence of four Bose employees working from their homes within this District does not support venue in this District.  *In re Cray*, 871 F.3d at 1366 (on mandamus, finding that district court erred in concluding that work-from-home employees established venue: "[T]he

facts here do not show that Cray maintains a regular and established place of business in the Eastern District of Texas; they merely show that there exists within the district a physical location where an employee of the defendant carries on certain work for his employer.").

None of the *Cray* considerations exist here.  First, Bose does not own, lease or exercise any "other attributes of possession or control over" its work-from-home employees' homes. *In re Cray*, 871 F.3d at 1363.  Bose does not pay them rent, nor does it reimburse them for any portion of their rent or mortgage.  Manzolini Decl., ¶¶ 21-23.  Nor does Bose provide them any office equipment other than items (e.g., a laptop) that are standard company-wide. *Id.*  The only reimbursements Bose offers is for cell phone and internet bills—benefits available company-wide that are not specific to work-from-home employees in this District. *Id.*  Such routine reimbursements are irrelevant to venue. *In re Cray*, 871 F.3d at 1357, 1365 (finding no venue where work-from-home employee was reimbursed for his cell phone and internet bills where "all expense reimbursements and administrative support for Cray's employees were provided from outside of the district" and "were not conditioned on any particular employee location.").

Second, *Cray* considers "whether the defendant conditioned employment on an employee's continued residence in the district."  871 F.3d at 1363.  Bose's work-from-home employees may work from anywhere (i.e., wherever they choose to make their homes) and Bose does not care if (let alone require that) they reside in this District.  Manzolini Decl., ¶ 22.

Of the four Bose employees working from home in this District at the time of the complaint (out of approximately 2,550 current employees in the United States), two are co-op student interns who were hired to work at Bose's Framingham, Massachusetts headquarters, but who ended up working from home in Texas due to the present pandemic. *Id.*  The remaining two work-from-home employees in this District were specifically hired for work-from-home

positions, meaning that they are permitted to work from wherever they live, and Bose is unconcerned with the location of their homes.  *Id.*  In short, just as in *Cray*, the location of their homes is not "material to [Bose]."  *In re Cray*, 871 F.3d at 1365.

The Third *Cray* consideration is whether the employee stores "materials at a place in the district so that they can be distributed or sold from that place."  *Id.* at 1363.  None of the four Bose employees residing in this District store Bose products, inventory, literature, or any other materials in their homes for sale or distribution.  Manzolini Decl., ¶ 24.  Bose does not hold their home offices out as a place for Bose's business.  *Id.*  These employees do not display Bose signage at their homes, or receive Bose clients, customers, or vendors at their homes.  *Id.*; *In re Cray*, 871 F.3d at 1363-64 (whether the defendant "places its name on a sign associated with or on the building itself" is a "potentially relevant" inquiry).  In short, none of the relevant considerations support finding venue in this District based on Bose's four work-from-home employees.

### B.      This Case Should be Transferred to the District of Massachusetts

Because this District is not a proper venue for Koss's infringement claims, Bose requests that the action be transferred to the District of Massachusetts, where this action indisputably could have been brought since, as Koss admits (D.I. 1 ¶ 5), Bose maintains its headquarters in Framingham, Massachusetts.  28 U.S.C. § 1406(a).

While dismissal is available under § 1406(a), "[t]ransfer is typically considered more in the interest of justice than dismissal."  *Personal Audio*, 280 F. Supp. 3d. at 936.  Because Bose is headquartered in Massachusetts, almost 2,000 of its employees work there, and the technical and financial evidence regarding the accused products is there, Manzolini Decl. ¶¶ 2-3, 25, 27, transfer to the District of Massachusetts is appropriate.  *E.g.*, *AptusTech*, 2020 WL 1190070 (finding venue improper and transferring case to district where defendant was located); *Nat'l*

*Steel Car*, 2020 WL 4289388 (same); *Inhale,* 2019 WL 5880192 (same); *Level Sleep*, 2019 WL 458467 (same); *Vaxcel*, 2018 WL 6930772 (same); *Peerless*, 2018 WL 1478047 (same).

Bose's pending declaratory judgment action in the District of Massachusetts further supports transfer.  *E.g.*, *Hand Held Products, Inc. v. Code Corp.*, 265 F. Supp. 3d 640, 646 (D.S.C. 2017) (pendency of a declaratory judgment action filed before motion to transfer or dismiss for improper venue is "a decisive factor in favor of transfer" to that district).

### C.   Though Venue Discovery Is Not Warranted, Bose Voluntarily Provided It Before Filing this Motion

As this Court has explained, a "district court is within its discretion to deny discovery when there is no indication of fraud or misconduct in the defendant's affidavits, and there is no reason to believe that additional information would alter the outcome."  *Optic153*, 2020 WL 3403076 at *4.  Because Bose has now confirmed the closure of its San Marcos store almost five months before this suit was filed, and has come forward with competent evidence ruling out any other possible basis for venue, there is no need for venue-related discovery.  *Id.*

Nevertheless, in a good-faith effort to address any conceivable questions Koss might have related to venue, so that the Court can decide this motion in a timely fashion on a full record, Bose has already voluntarily answered the discovery that Koss propounded to Skullcandy in opposing Skullcandy's motion to dismiss.  6:20-cv-00664, D.I. 18, Exs. E-1, E-2.  Bose conveyed the information to Koss by telephone and letter on December 10, 2020; then on December 16, 2020, Bose produced its contracts with the relevant retailers.  Bose has invited Koss to follow up if it needs any additional information to evaluate the venue issue.  Bose expects that after reviewing the facts Koss will agree that venue is improper and stipulate to transfer—but if not, Bose respectfully submits that this motion is ripe for decision.

## IV.   CONCLUSION

Bose respectfully moves the Court to dismiss for improper venue, or preferably to transfer this action to the District of Massachusetts where venue is proper.

Date:  December 17, 2020                    Respectfully Submitted,


                                           /s/_____
                                           Stacey V. Reese
                                           TX Bar No. 24056188
                                           STACEY V. REESE LAW PLLC
                                           910 Western Avenue, Suite 15
                                           Austin, TX 78701
                                           (512) 535-0742 – Telephone
                                           (512) 233-5917 – Facsimile
                                           stacey@staceyreese.law

                                           Michael N. Rader *
                                           NY Bar No. 3927175
                                           Daniel M. Huttle *
                                           NY Bar No. 5505375
                                           WOLF, GREENFIELD & SACKS, P.C.
                                           605 Third Avenue
                                           New York, NY 10158
                                           (617) 646-8000 – Telephone
                                           (617) 646-8646 – Facsimile
                                           mrader@wolfgreenfield.com
                                           dhuttle@wolfgreenfield.com

                                           Nathan R. Speed *
                                           MA Bar No. 670249
                                           WOLF, GREENFIELD & SACKS, P.C.
                                           600 Atlantic Avenue
                                           Boston, MA 02210
                                           (617) 646-8000 – Telephone
                                           (617) 646-8646 – Facsimile
                                           nspeed@wolfgreenfield.com

                                           COUNSEL FOR DEFENDANT BOSE
                                           CORPORATION

                                           *pro hac vice motions

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7(i), lead counsel for Bose conferred with counsel for Koss on December 17, 2020 in a good-faith effort to resolve the matters presented herein and counsel for Koss stated that it opposed the motion.

/s/                    
Stacey V. Reese

## <u>CERTIFICATE OF SERVICE</u>

I certify that all counsel of record, who are deemed to have consented to electronic service, are being served December 17, 2020 with a copy of this document via the Court's CM/ECF system.

/s/                    
Stacey V. Reese
